31 N.J. Super. 382 (1954)
106 A.2d 560
IN THE MATTER OF THE APPLICATION OF LAWRENCE J. JOHNSON, ALSO KNOWN AS LAWRENCE JOHNSON, JR., ALSO KNOWN AS LAWRENCE ALBERT JOHNSON FOR WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Law Division.
Decided June 22, 1954.
*383 Mr. James G. Aiken for the plaintiff-petitioner.
Mr. Grover C. Richman, Jr., for the State of New Jersey (Mr. Eugene T. Urbaniak, appearing).
CREAN, J.C.C.
Lawrence J. Johnson, also known as Lawrence Johnson, Jr., also known as Lawrence Albert Johnson, filed a complaint in the Superior Court of New Jersey, Law Division, in which he demands to be discharged from any custody or confinement whatever.
This matter was referred to this court by Frank T. Lloyd, Jr., A.J.S.C.
The September term 1943 of the grand jury of Camden County did
"PRESENT THAT Lawrence J. Johnson late of the City of Camden in the said County of Camden, on the first day of October in the year of our Lord one thousand nine hundred and forty-three at the City aforesaid in the County aforesaid, and within the jurisdiction of this Court, in and upon one, William W. Freeburger, in the peace of God and this State then and there being, willfully, feloniously and of his malice aforethought did make an assault, and him, the said William W. Freeburger, then and there willfully, feloniously and of his malice aforethought did kill and murder, contrary to the form of the statute in such case made and provided, and against the peace of this State, the government and dignity of the same."
There appears to be no dispute that the petitioner was born April 29, 1929, and that he committed the offense subsequent to his fourteenth but before his fifteenth birthday, and it further appears that at the time of his plea, then being represented by counsel, on the 17th day of May, 1944, *384 the then defendant entered a plea of non vult and was sentenced to life imprisonment by the Court of Oyer and Terminer of Camden County.
It appears from the oral argument in behalf of Johnson that the three main grounds upon which he relies for his release from his confinement are based upon the contention that on May 17, 1944 the Camden County Court of Oyer and Terminer had no jurisdiction to impose the sentence that it did and that this ground arises out of the case of State v. Monahan, 15 N.J. 34 (1954).
As to the first ground of the plaintiff-petitioner, the court does not feel that the case of State v. Monahan is entirely applicable to the case at hand.
The second ground propounded by counsel for Johnson is that Johnson's continued confinement and his confinement at the present time is and was a violation of the Fourteenth Amendment of the Federal Constitution in that to be confined by an order of a court without jurisdiction is a violation of the due process clause of the Fourteenth Amendment of the Federal Constitution. The court finds no such violation since the defendant was sentenced by the judge of the Court of Oyer and Terminer, who is the same judge who would sit in Juvenile and Domestic Relations Court. In the Court of Oyer and Terminer the defendant was first indicted by the grand jury, entered a plea of not guilty, which was later retracted and a plea of non vult entered. The court in passing sentence and accepting the plea of non vult foreclosed any possibility that the defendant would be electrocuted.
Indeed, under the philosophy underlining our system of penology, it is nothing more than conjecture that the defendant would be entitled to his release either under the sentence passed by the Court of Oyer and Terminer or such sentence that might be imposed by the Juvenile Court. As to the term life imprisonment, the court takes judicial notice that such a sentence is nothing more than a fiction, and the underlying principle upon which the defendant or juvenile is *385 released is based upon his rehabilitation and his proper adjustment to return to society (Two Thousand State Prisoners in New Jersey, Department of Institutions and Agencies, May 1954).
As to the third contention, the court finds it unnecessary to pass upon the contention urged by the plaintiff-petitioner.
At the time of the plea of the plaintiff-petitioner and the imposition of sentence, which was the same date, namely May 17, 1944, the case of In re Mei, 122 N.J. Eq. 125 (E. & A. 1937) was the law that was dispositive of cases of this nature and continued to be the law until the case of State v. Monahan, supra.
In the first place, it will be noted that the Monahan case stems from an order denying a motion to transfer the proceedings from a County Court to the Juvenile and Domestic Relations Court, and it was held that the Juvenile and Domestic Relations Court had jurisdiction over the juvenile who was then under the age of 16 years of age. Here it appears that Monahan elected to have the matter heard before the Juvenile and Domestic Relations Court. It would appear to be a matter of conjecture as to what the decision of the Supreme Court would be had Monahan been first held for the Juvenile and Domestic Relations Court and then insisted upon a trial by jury.
One of the main and underlying principles of the juvenile court system is to rehabilitate and adjust the juvenile so that he may return to his place in society. Certainly this objective is not to be criticized, but on the other hand in most cases under our present penal system defendants who are sentenced to State Prison are given such programs that would tend to bring about the same result.
We would indeed be blind of the statutory enactments of this State if we were to say that a juvenile under the age of 16 years could not be sentenced to confinement in the State Prison in the case of a male convicted of murder (R.S. 30:4-143). This law first became enacted by chapter 147, Laws of 1918, was contained in the Revision of 1937, was *386 subject to some minor adjustments in 1946, and still remains as part of the law of this State.
The demands of the plaintiff-petitioner contained in his complaint are denied and the writ of habeas corpus heretofore allowed is dismissed.
The ultimate release of the plaintiff-petitioner is an administrative act to be performed by the appropriate authorities with due considerations of the seriousness of the charge, the age of the defendant, his behavior, and his adjustment to take his place in society.
The plaintiff-petitioner, Lawrence J. Johnson, is remanded to the New Jersey State Prison Farm at Rahway, Union County, State of New Jersey.